UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARTHA SALAZAR and FELIX SALAZAR, § § Plaintiffs, § § v. § § JORGE FRANCISCO LOPEZ, M.D., § COLUMBIA HOSPITAL AT MEDICAL CITY § DALLAS SUBSIDIARY, L.P. d/b/a MEDICAL § CITY DALLAS HOSPITAL, and BOSTON § SCIENTIFIC CORPORATION, § § Defendants. § | No. 3:13-cv-188-M |

## MEMORANDUM OPINION AND ORDER

Before the Court are the Motions to Remand filed by Plaintiffs Martha and Felix Salazar ("Plaintiffs") [Docket Entry #9], Defendant Jorge Francisco Lopez, M.D. ("Dr. Lopez") [Docket Entry #14], and Defendant Columbia Hospital at Medical City Dallas Subsidiary, L.P. d/b/a Medical City Dallas Hospital ("Medical City") [Docket Entry #13].  For the reasons stated below, and for those set forth on the record at the March 18, 2013 hearing, the Motions to Remand are **GRANTED**.

Plaintiffs originally filed this action in state court against two Defendants—Dr. Lopez and Medical City (collectively the "in-state Defendants" or "healthcare Defendants")—asserting claims for negligence and products liability related to the insertion of a pelvic mesh product (the "medical device") to treat Mrs. Salazar's urinary incontinence.  Plaintiffs and Defendants Dr. Lopez and Medical City are all Texas citizens.  Two days after filing, Plaintiffs amended their Petition to add products liability claims against Defendant Boston Scientific Corporation ("BSC"), the manufacturer of the allegedly defective medical device.  BSC is a citizen of

Delaware and Massachusetts.

BSC removed the case to federal court on the theory that the claims against the in-state Defendants had been fraudulently misjoined to the claims against BSC. The doctrine of fraudulent misjoinder is rooted in the Eleventh Circuit's decision in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In *Tapscott*, the Eleventh Circuit stated that, in some circumstances, a plaintiff's failure to comply with joinder requirements is "just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possible cause of action," and justifies removal on diversity grounds.[1]  "[M]ere misjoinder," however, does not constitute *fraudulent* misjoinder under *Tapscott*.[2] Fraudulent misjoinder is established only by "egregious" instances of misjoinder involving "wholly distinct" claims so devoid of "real connection with the controversy" that their joinder "border[s] on a sham."[3]

While the Fifth Circuit has yet to adopt expressly the fraudulent misjoinder theory, it has cited *Tapscott* with approval, and indicated it would adopt the doctrine under the appropriate circumstances.[4]  As other Texas district courts have done, this Court assumes, without deciding, that "fraudulent misjoinder is a . . . possible ground to support a finding of improper joinder."[5]

The Court rejects BSC's contention that, in the Fifth Circuit, mere misjoinder of non-

---

[1] *Id.*
[2] *Id.* at 1360
[3] *Id.*
[4] *See Crockett v. R.J. Reynolds Tobacco Company*, 436 F.3d 529, 532–33 (5th Cir. 2006) (citing *Tapscott* with approval); *In re Benjamin Moore & Company*, 318 F.3d 626, 630–31 (5th Cir. 2002) (indicating a willingness to endorse *Tapscott*); *see also Palermo v. Letourneau Technologies, Inc.*, 542 F.Supp.2d 499, 512–15 (S.D. Miss. 2008) (analyzing the Fifth Circuit's treatment of *Tapscott*); *Accardo v. Lafayette Insurance Company*, No. 06-8568, 2007 WL 325368, at *2–3 (E.D. La. Jan. 30, 2007) (same).
[5] *Texas Instruments Inc. v. Citigroup Global Markets, Inc.*, 266 F.R.D. 143, 147 (N.D. Tex. 2010). *See Centaurus S. Oaks, LP v. Lexington Ins. Co.*, CIV.A. H-10-4123, 2011 WL 96598 (S.D. Tex. Jan. 10, 2011).

diverse defendants is necessarily fraudulent, and justifies removal on diversity grounds.  In support of this position, BSC argues that two Fifth Circuit cases that acknowledge *Tapscott*—*Crockett* and *In re Benjamin Moore*—did not address the egregiousness standard, and that they suggest that the Fifth Circuit would not require it.  The question before the Fifth Circuit in *Crockett* was simply whether the "voluntary-involuntary" rule applied to a removal based on a state court's severance order.  That the Fifth Circuit did not address the "egregiousness" standard is not surprising, for by the time the Fifth Circuit reached its decision, fraudulent joinder was "no longer an issue."[6]  Similarly, in *In re Benjamin Moore*, the Fifth Circuit acknowledged the "*Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction," but declined to reach the "application [of the principle] in this case."[7]  Neither case, then, supports the proposition that misjoinder need not be egregious to justify removal.

The Court is not aware of a single written opinion from this circuit in which a district court has invoked the fraudulent misjoinder theory, and yet declined to apply the egregiousness standard.[8]  This Court agrees with the courts that have adopted the *Tapscott* analysis in its

---

[6] *Crockett*, 436 F.3d at 529.
[7] *In re Benjamin Moore & Co.*, 318 F.3d at 630-31.
[8] *See e.g.*, *Oesch v. Woman's Hosp. of Texas*, CIV.A. H-11-770, 2012 WL 950109 (S.D. Tex. Mar. 20, 2012) ("Even if Defendants were improperly joined, to withstand this motion to remand they must also show that, "the misjoinder [was] sufficiently egregious to rise to the level of a fraudulent misjoinder."); *Centaurus Southern Oaks*, 2011 WL 96698 at *3 (holding that even if the claims did not satisfy the Texas joinder rule, they "do not represent the type of egregious joinder, bordering on sham, that is disallowed for purposes of determining fraudulent joinder in this court"); *Texas Instruments Inc.*, 266 F.R.D. at 147 (If the court finds that non-diverse parties have been misjoined, it should then "ask whether that misjoinder is so egregious as to be fraudulent."); *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 564 (N.D. Tex. 2009) (Means, J.) ("Mere misjoinder, however, is not enough to support a finding of improper joinder.").

entirety, and concludes that to be fraudulent, misjoinder must be egregious.[9]

Under Texas Rule of Civil Procedure 40(a),[10] claims against multiple defendants may be joined in one action if a plaintiff has asserted against them "any right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" and involving at least one common "question of law or fact."[11] Here, Plaintiffs argue that their claims against BSC and against the healthcare Defendants involve a common series of transactions or occurrences that "begin with the defectiveness of [BSC's] products and continue to [Dr. Lopez's] knowledge of that defectiveness prior to the treatment of [Mrs. Salazar], and end in the causal relationship amongst the defectiveness, the treatment, and the injuries at issue."[12] Moreover, Plaintiffs assert the claims share common questions of law and fact, including: whether Dr. Lopez altered the product before implantation, and whether BSC provided Dr. Lopez with sufficient information and training. These facts are of particular importance, according to Plaintiffs, given that BSC has asserted affirmative defenses such as the learned intermediary doctrine, third party acts,

---

[9] Although some district courts in other circuits have reached a contrary conclusion, at least one of those courts acknowledged that "the majority of courts have held that the misjoinder must be 'egregious' to warrant severance, with some courts imposing a bad faith analysis into the standard." *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684 (D. Nev. 2004).

[10] The Fifth Circuit has not concluded whether the federal or state joinder rules apply to the misjoinder analysis. Nevertheless, district courts in Texas have applied the Texas rules, "in large part because the applicable Texas joinder rule is practically identical to Federal Rule 20(a) and because the claimant was required to follow the state's joinder rules when it initially brought suit." *Oesch*, 2012 WL 950109, at *4. *See Centaurus Unity*, 766 F. Supp. 2d at 789, n. 27 (citing *Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d at 563 ("A federal court applies state joinder law in assessing whether there has been a misjoinder and whether such misjoinder rises to the level of improper joinder.")). *See also Crockett*, 436 F.3d at 533 ("Texas has adopted the same requirements for proper joinder" as those in Federal Rule 20(a)); *Texas Instruments Inc.*, 266 F.R.D. at 148, n. 3 ("For district courts in Texas, this question [of whether to apply state or federal joinder rules in a *Tapscott* analysis] is largely academic. Texas's joinder rule is identical to its federal counterpart, *Crockett* . . . and Texas courts rely on federal case law interpreting Federal Rule 20 to guide their interpretation of Texas Rule 40.").

[11] Tex. R. Civ. P. 40(a).

[12] *Pls.' Mot.* at 9.

unforeseeable alteration, and failure to communicate warnings.

At least one Texas district court found joinder to be proper on a similar set of facts.[13] Although the claims appear to have been properly joined in this case as well, the Court rests its conclusion on narrower grounds.  Even if combining the claims against the healthcare providers with the claims against BSC was improper, the claims are not wholly distinct, nor are they so disconnected factually or legally as to make their joinder a sham.[14]  The joinder, therefore, was not so egregious as to constitute fraudulent misjoinder.  Accordingly, this Court lacks jurisdiction, and **REMANDS** the case to the 160th Judicial District Court of Dallas County, Texas.  Because the Court determines the claims are not fraudulently misjoined, it need not determine whether the claims are merely improperly joined.  That question remains for the state court, should BSC move for severance upon remand.  Similarly, the Court declines to address Medical City's merits-based Motion to Dismiss.

**SO ORDERED**.

March 18, 2013.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

---

[13] *Oesch*, 2012 WL 950109, at *4
[14] *See Texas Instruments*, 266 F.R.D. at 147 (citing *Tapscott*, 77 F.3d at 1360).